UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONA RENEE ZEIGLER,<br><br>Defendant. | No. 2:19-CR-00173-WFN-2<br><br>ORDER FOLLOWING DETENTION REVIEW HEARING<br><br>**MOTIONS GRANTED**<br>**(ECF Nos. 43, 44)** |

At Defendant's January 6, 2020, detention review hearing, Defendant was present, out of custody, and appeared pro se. Attorney Stephen Hormel was unavailable due to an emergency illness. Assistant U.S. Attorney Caitlin Baunsgard appeared for the United States. United States probation officer Erik Carlson was also present.

The Court has reviewed Defendant's Expedited Motion to Modify Conditions of Release, **ECF No. 43**, and the Amended Expedited Motion to Modify Conditions of Release, **ECF No. 44**.

The United States did not oppose release of Defendant.

Accordingly, **IT IS ORDERED** Defendant's motions, **ECF Nos. 43, 44**, are **GRANTED**. Defendant shall be released subject to the following conditions:

## STANDARD CONDITIONS OF RELEASE

**(1)** Defendant shall not commit any offense in violation of federal, state or local law. Defendant shall advise the supervising Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact

ORDER - 1

with law enforcement. Defendant shall not work for the United States government or any federal or state law enforcement agency, unless Defendant first notifies the supervising Pretrial Services Officer in the captioned matter.

**(2)** Defendant shall immediately advise the court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number.

**(3)** Defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed.

**(4)** Defendant shall sign and complete A.O. Form 199C before being released and shall reside at the address furnished.

**(5)** Defendant shall not possess a firearm, destructive device or other dangerous weapon.

**(6)** Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

**(7)** Defendant shall contact defense counsel at least once a week.

**(8)** Defendant is further advised, pursuant to 18 U.S.C. § 922(n), it is unlawful for any person who is under indictment for a crime punishable by imprisonment for a term exceeding one year, to possess, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

**(9)** Defendant shall refrain from the use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

**(10)** Defendant shall surrender any passport to Pretrial Services and shall not apply for a new passport.

# ADDITIONAL CONDITIONS OF RELEASE

**(15)** Avoid all contact, direct or indirect, with any persons who Defendant would reasonably know are or may become a victim, potential witness or codefendant in the subject investigation or prosecution. Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers.

**(17)** Undergo a mental health evaluation and treatment if required.

**(18)** Refrain from any use or possession of alcohol.

**(26)** **Outpatient Treatment**: Defendant shall participate in an outpatient substance abuse treatment program.

**(27)** **Prohibited Substance Testing**: **If random urinalysis testing is not done through a treatment program, random urinalysis testing shall be conducted through Pretrial Services, and shall not exceed six (6) times per month.** Defendant shall submit to any method of testing required by the Pretrial Service Office for determining whether the Defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of prohibited substance testing.

## HOME CONFINEMENT/ELECTRONIC/GPS MONITORING

**(28)** Defendant shall participate in one or more of the following home confinement program(s):

**Electronic Monitoring**: The Defendant shall participate in a program of electronically monitored home confinement. The Defendant shall wear, at all times, an electronic monitoring device under the supervision of U.S. Probation. In the event the Defendant does not respond to electronic monitoring or cannot be found, the U.S. Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest and detain the Defendant. The Defendant shall pay all or part of the

cost of the program based upon ability to pay as determined by the U.S. Probation Office.

OR

**GPS Monitoring**: The Defendant shall participate in a program of GPS confinement. The Defendant shall wear, at all times, a GPS device under the supervision of U.S. Probation. In the event the Defendant does not respond to GPS monitoring or cannot be found, the U.S. Probation Office shall forthwith notify the United States Marshals' Service, who shall immediately find, arrest and detain the Defendant. The Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the U.S. Probation Office.

AND

**Curfew**: Defendant shall be restricted to her residence:
every day from 8:30 p.m. to 7:00 a.m.

**IT IS SO ORDERED**.

DATED January 6, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE