# UNITED STATES DISTRICT COURT

for

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

**Feb 12, 2020**

SEAN F. McAVOY, CLERK

| | | | |
|---|---|---|---|
| U.S.A. vs. | Zeigler, Jona Renee | Docket No. | 0980 2:19CR00173-WFN-2 |

**Petition for Action on Conditions of Pretrial Release**

    COMES NOW Stephen Krous, PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant Jona Renee Zeigler, who was placed under pretrial release supervision by the Honorable U.S. Magistrate Judge John T. Rodgers sitting in the court at Spokane, Washington, on the 6th day of January 2020, under the following conditions:

**Additional Condition of Release #15**: Avoid all contact, direct or indirect, with any persons who Defendant would reasonably know are or may become a victim, potential witness or codefendant in the subject investigation or prosecution. Pretrial Services may but is not required to exempt specific named individuals from this prohibition, including but not limited to immediate family members or co-workers.

    RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

**Violation #1**: Jona Renee Zeigler is alleged to have had telephone contact with her ex-husband on or about February 3, 2020.

On January 8, 2020, the pretrial release conditions of supervision were reviewed with Jona Renee Zeigler at her current residence. She acknowledged an understanding of the conditions, which included additional condition number 15.

On January 8, 2020, Ms. Zeigler confirmed the Court directed her not to have any contact with her ex-husband as he was a potential witness in the instant offense. Ms. Zeigler said she did not understand why the Court imposed the order because she has been her ex-husband's primary care giver for many years as he is a paraplegic. Ms. Zeigler also stated she has resided at the home for over "20 years."

On February 4, 2020, during a home visit, Ms Zeigler was asked about her travels to the residence where her ex-husband resides, as the global positioning system (GPS) monitor shows her going to his address. She confirmed she had gone to the home but did not have contact with her ex-husband as he is upstairs in the main living portion of the home. Ms. Zeigler's belongings and welding equipment are located in the downstairs area of the home. Ms. Zeigler accesses her belongings through a separate entrance leading into the basement.

Ms. Zeigler stated she has not had any contact with her ex-husband when she has gone to the residence, but disclosed she has communicated with him via her cellular phone. Ms. Zeigler relayed he is her best friend, she has been his primary care giver for many years, and she is worried about his health and well being.

During a home visit on February 4, 2020, this officer once again explained to Ms. Zeigler the Court order for her to refrain from having any contact with her ex-husband. She said she understood.

Ms. Zeigler said she hopes to have another Court hearing to get the no contact order removed. She wants to move back to her original residence and be able to assist her ex-husband with daily health care needs.

PRAYING THAT THE COURT WILL ORDER A SUMMONS

|  |  |
|---|---|
|  | I declare under the penalty of perjury that the foregoing is true and correct. |
| by | Executed on: February 12, 2020 |
|  | s/Stephen Krous |
|  | Stephen Krous<br>U.S. Pretrial Services Officer |

THE COURT ORDERS

[ ]  No Action
[ ]  The Issuance of a Warrant
[X]  The Issuance of a Summons
[ ]  The incorporation of the violation(s) contained in this
      petition with the other violations pending before the
      Court.
[ ]  Defendant to appear before the Judge assigned to the case.
[X]  Defendant to appear before the Magistrate Judge.
[ ]  Other

Signature of Judicial Officer

February 12, 2020
Date